UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE JAMES MADISON PROJECT<br>1250 Connecticut Avenue, NW<br>Suite 200<br>Washington, D.C. 20036<br><br>and<br><br>Shane Harris<br>The Wall Street Journal<br>1025 Connecticut Avenue<br>Suite 800<br>Washington, D.C. 20036<br><br>　　Plaintiffs,<br><br>　　v.<br><br>DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20530-0001<br><br>　　Defendant. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Civil Action No. 17-1328 |

## COMPLAINT

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended, for the disclosure of agency records withheld from the plaintiffs The James Madison Project and Shane Harris by the defendant Department of Justice (as well as its subordinate entities).

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## **VENUE**

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## **PARTIES**

3. Plaintiff The James Madison Project ("JMP") is a non-partisan organization established in 1998 to promote government accountability and the reduction of secrecy, as well as educating the public on issues relating to intelligence and national security. It maintains a website at www.JamesMadisonProject.org.

4. Plaintiff Shane Harris ("Harris") is employed by Dow Jones & Company, Inc., serves as a Senior Writer for The Wall Street Journal, and is a representative of the news media.

5. Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action. DOJ controls – and consequently serves as the proper party defendant for litigation purposes for – the Offices of the Attorney General ("AG"), Deputy Attorney General ("DAG"), and Associate Attorney General ("AAG").

## **FACTUAL BACKGROUND**

6. This lawsuit is brought under the Freedom of Information Act ("FOIA"). It seeks the disclosure of records that will shed light on the circumstances surrounding the termination of former Federal Bureau of Investigation ("FBI") Director James Comey ("Director Comey").

7. On May 9, 2017, Director Comey was informed that, by order of President Donald J. Trump ("President Trump"), he had been terminated and removed from office, effective immediately. *https://www.wsj.com/articles/president-trump-fires-fbi-director-james-*

*comey-1494366613* (last accessed June 30, 2017); *http://edition.cnn.com/2017/05/09/ politics/james-comey-fbi-trump-white-out/index.html* (last accessed May 9, 2017). President Trump's letter to Director Comey indicated that he was relying upon recommendations from Attorney General Jeff Sessions ("AG Sessions") and Deputy Attorney General Rod Rosenstein ("DAG Rosenstein"). *https://www.wsj.com/articles /president-trump-fires-fbi-director-james-comey-1494366613* (last accessed June 30, 2017); *http://www.newsweek.com/read-james-comey-fired-heres-his-dismissal-letter-606380* (last accessed May 9, 2017). According to media reports, AG Sessions was specifically asked to "build a case" justifying the termination of Director Comey. *http://thehill.com/homenews/administration/332651-sessions-was-told-to-find-reasons-to-fire-comey-reports* (last accessed May 9, 2017). President Trump's letter to Director Comey, as well as the underlying memoranda from AG Sessions and DAG Rosenstein, was dated May 9, 2017. *https://apps.washingtonpost.com/g/documents/politics/fbi-director-james-b-comeys-termination-letters-from-the-white-house-attorney-general/2430/* (last accessed May 9, 2017).

8. On May 11, 2017, in an interview with NBC News, President Trump stated that he was always going to fire Director Comey no matter what had been the recommendation from AG Sessions. *https://www.wsj.com/articles/donald-trump-planned-firing-of-james-comey-before-aides-letter-1494552044* (last accessed June 30, 2017); *http://www.latimes. com/politics/washington/la-na-essential-washington-updates-trump-to-nbc-s-lester-holt-i-was-1494522620-htmlstory.html* (last accessed June 28, 2017).

9. On May 11, 2017, it was reported that President Trump held a private dinner with Director Comey on January 27, 2017. During that private dinner, President Trump allegedly asked for a pledge of loyalty from Director Comey. Director Comey declined but indicated that he would always be honest with President Trump. *https://www.wsj.com/articles/trump-told-comey-i-need-loyalty-i-expect-loyalty-ex-fbi-director-to-say-in-prepared-remarks-1496858755* (last accessed June 30); *https://www.nytimes.com/2017/05/11/us/politics/trump-comey-firing.html?_r=0* (last accessed June 13, 2017).

10. On May 16, 2017, media reports revealed that Director Comey had drafted an internal memorandum for his own records after a February 14, 2017, meeting with President Trump. That memorandum allegedly memorialized a conversation in which President Trump asked Director Comey to "shut down" the pending FBI investigation into former National Security Advisor Michael Flynn. *https://www.nytimes.com/2017/05/16/us/politics/james-comey-trump-flynn-russia-investigation.html?hp&action=click&pgtype=Homepage&clickSource=story-heading&module=span-ab-top-region&region=top-news&WT.nav=top-news&_r=0* (last accessed May 16, 2017); *https://www.washingtonpost.com/world/national-security/notes-made-by-former-fbi-director-comey-say-trump-pressured-him-to-end-flynn-probe/2017/05/16/52351a38-3a80-11e7-9e48-c4f199710b69_story.html?hpid=hp_rhp-banner-main_comey-615pm%3Ahomepage%2Fstory&utm_term=.46300b9cd04b* (last accessed May 16, 2017); *https://www.wsj.com/articles/trump-asked-comey-to-drop-flynn-investigation-according-to-memo-written-by-former-fbi-director-1494974774* (last accessed June 30, 2017).

11. In the aftermath of the firing of Director Comey, lawmakers began issuing calls for a special prosecutor to take over the investigation into allegations of collusion during the 2016 presidential election between the Trump campaign and the Russian Government. *http://q13fox.com/2017/05/09/democrats-renew-call-for-special-prosecutor-on-russia-probe-after-trumps-firing-of-fbi-director/* (last accessed May 9, 2017); *http://www.independent.co.uk/news/world/americas/us-politics/james-comey-fired-trump-russia-special-prosecutor-investigation-schumer-lates-news-a7727266.html* (last accessed May 9, 2017).

12. On May 17, 2017, DAG Rosenstein announced that he was appointing former FBI Director Robert Mueller to serve as Special Counsel with respect to the ongoing Russia investigation. *http://www.nbcnews.com/news/us-news/who-robert-mueller-special-counsel-hailed-both-parties-straight-shooting-n761291* (last accessed May 18, 2017); *https://www.wsj.com/articles/former-fbi-director-robert-mueller-named-special-counsel-for-russia-probe-1495058494* (last accessed June 30, 2017).

13. This lawsuit aims to shed light on a subject of ongoing confusion and uncertainty, namely whether – in light of the President's remarks to NBC News, contradicting his own May 9, 2017, letter to Director Comey – the memorandum drafted by DAG Rosenstein (which was relied upon by AG Sessions in recommending the termination of Director Comey) was designed as anything other than "legal cover" for a decision that President Trump had already decided to make for arguably unrelated reasons.

## COUNT ONE

14. The plaintiffs, JMP and Harris (referred to jointly as "the Requesters"), repeat and reallege the allegations contained in paragraphs 7 through 13 above, inclusive.

15. By letter dated May 9, 2017, the Requesters submitted to DOJ a FOIA request.

16. The FOIA request sought copies of records created, received, and/or maintained by the AG, the DAG, and the AAG, including cross-references. The Requesters specifically indicated that they were seeking:

1) Any records memorializing discussions between DOJ staff and White House staff concerning the possibility of terminating Director Comey, including, but not limited to, requests by White House staff for legal guidance; and

2) Any records memorializing discussions among DOJ staff concerning the possibility of terminating Director Comey, including, but not limited to, memoranda prepared for review and requests for the collection of particular factual information concerning prior actions by Director Comey.

17. The Requesters clarified that the AG, the DAG, and the AAG should construe "DOJ staff" and "White House staff" to encompass Government civilian employees, political appointees, Constitutional officers, and contract staff. The Requesters also noted that the scope of the searches should include, but not be limited to, e-mail communications on unclassified and classified systems, as well as records stored on individual hard drives and/or shared drives. The Requesters further stated that the DOJ components could limit the timeframe of their searches from January 20, 2017, up until the date upon which the components began conducting searches for responsive records.

18. In the FOIA request, the Requesters pre-emptively waived any objection to the redaction of the names of any U.S. Government officials below a GS-14 position or whom otherwise were not acting in a supervisory position. The Requesters similarly waived any objection to redactions of the names of any U.S. Government contractors in a position of

authority similar to that of a GS-13 series civilian employee or below.

19. In terms of all other third parties who work for the U.S. Government and whose names appear in records responsive to this request, the Requesters explained in detail that the privacy interests of those individuals have been diminished by virtue of their involvement in one or more of the U.S. Government functions described above as falling within the scope of the FOIA request. Relying upon the public interest aspect outlined regarding third-party privacy interests, the Requesters stated that they were also seeking a waiver of fees or, at a minimum, a reduction in fees, as well as expedited processing.

20. By letter dated May 17, 2017, DOJ acknowledged receipt and assigned the request three separate tracking numbers: DOJ-2017-003964 (AG), DOJ-2017-004088 (DAG), and DOJ-2017-004089 (AAG). The letter indicated that DOJ was granting expedited processing. DOJ also stated that it was invoking the "unusual circumstances" provision of FOIA.

21. As of the date of this filing, the Requesters have not received a substantive response from DOJ. The Requesters have constructively exhausted all required administrative remedies.

22. The Requesters have a legal right under the FOIA to the records they requested.

WHEREFORE, plaintiffs The James Madison Project and Shane Harris pray that this Court:

(1) Order the defendant federal agency to produce the requested records;

(2) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412 (d);

(3) expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(4) grant such other relief as the Court may deem just and proper.

Date:   July 5, 2017

                                               Respectfully submitted,

                                               /s/
                                         _____
                                         Bradley P. Moss, Esq.
                                         D.C. Bar #975905
                                         Mark S. Zaid, Esq.
                                         D.C. Bar #440532
                                         Mark S. Zaid, P.C.
                                         1250 Connecticut Avenue, N.W.
                                         Suite 200
                                         Washington, D.C. 20036
                                         (202) 454-2809
                                         (202) 330-5610 fax
                                         Brad@MarkZaid.com
                                         Mark@MarkZaid.com

                                         Attorneys for Plaintiffs